IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

GERALD L. HADAWAY, )
 )
 )
        Plaintiff, )
 )
vs. ) No. CIV-08-1184-C
 )
NOBLE SYSTEMS CORPORATION, )
 )
        Defendant. )

MEMORANDUM OPINION AND ORDER

In 1997, Plaintiff was hired by American Computer and Telephone, Inc. ("AMCAT"), as a telemarketer. During his employment with AMCAT, Plaintiff performed a number of duties and received promotions until he reached the level of Account Manager. In November of 2007, Defendant Noble Systems acquired AMCAT. Following the acquisition, Defendant evaluated the job functions performed by the former AMCAT employees to determine which job functions were duplicative of Defendant's employees and which former AMCAT employees would be retained. The decisions regarding which AMCAT employees would be retained were made on a case-by-case basis by Chris Hodges, the Senior Vice President of Sales and Marketing, Chad Hitchcock, the Vice President of Implementation, and Larry Beverly, Vice President of Client Services. Between November 30, 2007, and March 31, 2008, Defendant Noble Systems carried out a reduction-in-force which laid off a total of 16 employees. During this review process, it was determined that Plaintiff's position was duplicative of the Noble Systems Sales Account Manager position. In addition, Hodges

determined that the Noble Systems position required significantly greater technical knowledge of the Noble Systems and AMCAT product lines than the former AMCAT Account Manager position.

In November 2007, Hodges met individually with each of the four AMCAT Account Managers to discuss their background, training, expertise, and job duties. During these interviews, Hodges learned that the other three Account Managers had significant technical expertise and training and were currently performing job duties in addition to those required by the Account Manager position. Based on his interview with Plaintiff, Hodges determined that Plaintiff did not have the sales ability, technical expertise, or training required to perform the job duties required by the Sales Account Manager position. After no other job for Plaintiff could be located within Defendant, the decision was made to terminate Plaintiff's employment as part of the reduction-in-force. After discussions with Plaintiff's former supervisor, Hodges directed that supervisor to inform Plaintiff that his employment would be terminated. On December 14, 2007, Plaintiff was advised his position was being eliminated. Plaintiff's last day of work for Defendant was December 31, 2007.

Following his termination from Defendant, Plaintiff filed a complaint with the EEOC alleging that he was terminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and the Americans with Disabilities Act, 42 §§ 12101 et seq., alleging that his termination was in violation of the statutes. Defendant filed the present Motion for Summary Judgment, asserting the undisputed material facts demonstrate that Plaintiff's ADEA and ADA claims cannot survive. In response, Plaintiff admits that he

cannot establish a viable ADA claim. Accordingly, Defendant's Motion for Summary Judgment will be granted on that claim. Plaintiff argues that there are disputed material facts which preclude entry of judgment on the ADEA claim.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144

3

F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**DISCUSSION**

Plaintiff asserts that he was terminated by Defendant because of his age. Defendant disagrees, arguing the undisputed evidence demonstrates there was no discrimination. After review of the materials submitted by the parties, the Court finds Defendant's position well supported and that Defendant is entitled to judgement against Plaintiff. This determination is based on two separate reasons.

First, Plaintiff, by his own testimony, has admitted that he has no evidence to support an age discrimination claim. When the question was asked during his deposition, whether Plaintiff would agree that Noble Systems did not discriminate against him based on his age, Plaintiff answered affirmatively. Plaintiff attempts to salvage his claim by asserting that he misunderstood the question during the deposition. In an affidavit attached to his response brief, Plaintiff asserts that what he actually meant was that he was not discriminated against during his term of employment, but that the decision to terminate him was based upon his age.

The Court finds Plaintiff's affidavit nothing more than a sham affidavit, which attempts to create a factual dispute. See Hollins v. Delta Airlines, 238 F.3d 1255, 1259 (10th Cir. 2001) (noting that the district court must determine whether an affidavit was submitted to create a sham fact issue). Immediately after the question was asked of Plaintiff at the

4

deposition, his attorney acknowledged the potential problem with his answer. However, neither during the deposition nor during any time when corrections to the deposition were permitted did Plaintiff attempt to clarify his statement or offer the explanation now proffered through the affidavit. In determining whether a later affidavit attempts to create a sham fact, the Court should consider whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence and whether the earlier testimony reflects confusion which the affidavit attempts to explain. See Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986). There is no indication from Plaintiff that the information offered by his affidavit is based on newly discovered evidence. Undoubtedly, Plaintiff's opinions regarding the basis for his termination were available to him at the time of his deposition. Further, there is no indication in the deposition that Plaintiff misunderstood the question or misstated the appropriate answer. Indeed, his counsel's recognition of the potential problems posed by the answer and the failure to offer any clarifying question or other amendment to the deposition, suggests that the now claimed confusion is nothing more than a belated excuse. Thus, by Plaintiff's own testimony, it is clear that no reasonable jury could find that Defendant's decision to terminate his employment was based upon his age. Therefore, Defendant is entitled to judgment on this claim.

Even were the Court to ignore the results of Plaintiff's deposition testimony, his claim for age discrimination would still fail. In Gross v. FBL Fin. Servs., Inc., ___U.S. ___, 129 S.Ct. 2343 (2009), the Supreme Court considered the proof necessary for a plaintiff to prove

that he was discriminated against due to his age. In that case, the Court stated: "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." Id. at 2350. Later, the Court stated even more strongly, "A plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision," citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141-43 (2000).

In response to Defendant's Motion for Summary Judgment, Plaintiff offers no evidence to support his claim of age discrimination. Plaintiff offers neither deposition testimony nor documentary evidence from which the trier of fact could find any discriminatory act. At most, Plaintiff offers the argument of counsel that because his prior employment history was exemplary, that he must have been terminated due to his age. The arguments and conclusions of counsel are simply insufficient to overcome a well-supported summary judgment motion. See Fed. R. Civ. P. 56. Consequently, Defendant's Motion for Summary Judgment will be granted on the ADEA claim.

Plaintiff has also raised state law claims for an alleged violation of Oklahoma's public policy, commonly referred to as a Burk[1] tort. The Court finds that Defendant is entitled to judgment on this claim for the same reasons outlined above regarding the age discrimination claim.

---

[1] See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 29) is GRANTED. Defendant's Motion to Compel Discovery Responses and Production of Documents (Dkt. No. 30) is STRICKEN AS MOOT. A separate Judgment will issue.

IT IS SO ORDERED this 23rd day of November, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge